UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESCUECOM CORPORATION, | Civil Case No. 5:09-cv-01149 (FJS/DEP) |
| **Plaintiff,** | |
| -vs- | **REPLY TO COUNTERCLAIMS** |
| BBY SOLUTIONS, INC. d/b/a BEST BUY | |
| **Defendant.** | |
| BBY SOLUTIONS, INC., | |
| **Counterclaimant,** | |
| And | |
| BEST BUY STORES, LP, | |
| **Additional Counterclaimant,** | |
| -vs- | |
| RESCUECOM CORPORATION | |
| **Counterclaim Defendant,** | |
| And | |
| DAVID MILMAN, | |
| **Additional Counterclaim Defendant.** | |

RESCUECOM CORPORATION and David Milman, as and for their Reply to the Counterclaimants' Claims, state as follows:

1. ADMIT that BBY Solutions, Inc. owns all right title and interest to various federally registered trademarks consisting of or including the term "Geek Squad", and DENIES KNOWLEDGE OR INFORMATION regarding the remainder of the allegations in paragraph 1 of the counterclaims, and therefore DENIES same.

–1–

2.      DENIES KNOWLEDGE AND BELIEF regarding the allegations set forth in paragraph 2 of the counterclaims, and therefore DENIES same.

3.      ADMIT the allegations made in paragraph 3 of the Counterclaims.

4.      ADMIT that David Milman is an individual resident of the State of New York, that he is CEO of Rescuecom Corporation, and DENY the remainder of the allegations of paragraph 4 of the counterclaims.

5.      The allegations in paragraph 5 of the counterclaims are a statement of law as to whether Counterclaimants have stated causes of action and require no reply, but to the extent a reply is required, DENY the allegations made in paragraph 6 of the counterclaims.

6.      DENY the allegations set forth in paragraph 6 of the counterclaims.

7.      ADMIT the allegations set forth in paragraph 7 of the counterclaims.

8.      DENY KNOWLEDGE OR INFORMTION sufficient to form a belief regarding the allegations set forth in paragraph 8 of the counterclaims.

9.      ADMIT that counterclaim defendants are citizens or have their principal office in New York State and DENY the remainder of the allegations in paragraph 9 of the counterclaims.

10.     ADMIT the allegations set forth in paragraph 10 of the counterclaims.

11.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations in paragraph 11, and therefore DENY the same.

12.     DENY the allegations set forth in paragraph 12 of the counterclaims and refer the trier of fact to the attached document for the contents thereof, but admit that counterclaimant BBY Solutions, Inc. is the assignee of a registered mark for "Geek Squad"

13.     DENY the allegations set forth in paragraph 13 of the counterclaims and refer the trier of fact to the attached document for the contents thereof, but admit that counterclaimant BBY Solutions, Inc. is the assignee of a registered mark for "Geek Squad"

14.     DENY the allegations set forth in paragraph 14 of the counterclaims and refer the trier of fact to the attached document for the contents thereof, but admit that counterclaimant BBY Solutions, Inc. is the assignee of a registered mark for "Geek Squad"

15.     DENY the allegations set forth in paragraph 15 of the counterclaims and refer the trier of fact to the attached document for the contents thereof, but admit that counterclaimant BBY Solutions, Inc. is the assignee of a registered mark for "Geek Squad 24 Hour Computer Support Task Force"

16.     DENY the allegations set forth in paragraph 16 of the counterclaims and refer the trier of fact to the attached document for the contents thereof, but admit that counterclaimant BBY Solutions, Inc. is the assignee of a registered mark for "Geek Squad"

17.     DENY the allegations set forth in paragraph 17 of the counterclaims and refer the trier of fact to the attached document for the contents thereof, but admit that counterclaimant BBY Solutions, Inc. is the assignee of a registered mark for "Geek Squad"

18.     DENY the allegations set forth in paragraph 18 of the counterclaims and refer the trier of fact to the attached document for the contents thereof, but admit that counterclaimant BBY Solutions, Inc. is the assignee of a registered mark for "Geek Squad"

19.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 19 of the counterclaims.

20. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 20 of the counterclaims.

21. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 21 of the counterclaims.

22. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 22 of the counterclaims.

23. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 23 of the counterclaims.

24. DENY the allegations set forth in paragraph 24 of the counterclaims and specifically deny the existence of any separate entity, corporate or otherwise, called "Geek Squad", as the source of any goods or services.

25. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 25 of the counterclaims.

26. ADMIT the allegations set forth in paragraph 26 of the counterclaims.

27. DENY the allegations set forth in paragraph 27 of the counterclaims.

28. DENY the allegations set forth in paragraph 28 of the counterclaims, but ADMIT that Rescuecom Corporation uses the toll free number 1-800-433-5772 to compete with counterclaimants for customers and specifically DENY that it uses that number to promote any services.

29. DENY the allegations set forth in paragraph 29 of the counterclaims.

30. DENY the allegations set forth in paragraph 30 of the counterclaims, but admit that Rescuecom Corporation obtained the 1-800-433-5772 number in part because it was a complementary

number to Counterclaimant's vanity number 1-800-433-5778 in that it is sometimes misdialed by customers calling the vanity number.

31. DENY the allegations set forth in paragraph 31 of the counterclaims.

32. DENY the allegations set forth in paragraph 32 of the counterclaims, but ADMIT that some of the consumers calling the 1-800-433-5772 number were attempting to call Counterclaimants.

33. DENY the allegations set forth in paragraph 33 of the counterclaims, but ADMIT that Rescuecom uses the words "geek squad" as a keyword to trigger non-confusing, clearly comparative advertisements that invite consumers to either switch from Geek Squad to Rescuecom, or to choose Rescuecom instead of Geek Squad.

34. DENY the allegations set forth in paragraph 34 of the counterclaims, but ADMIT that Rescuecom used the term "geek squad" as a keyword to trigger non-confusing, clearly comparative advertisements that invite consumers to either switch from Geek Squad to Rescuecom, or to choose Rescuecom instead, and that such advertisements contain links to either Rescuecom's website or website's owned and operated by Rescuecom.

35. DENY the allegations set forth in paragraph 35 of the counterclaims.

36. DENY the allegations set forth in paragraph 36 of the counterclaims.

37. DENY the allegations set forth in paragraph 37 of the counterclaims.

38. DENY the allegations set forth in paragraph 38 of the counterclaims.

39. DENY the allegations set forth in paragraph 39 of the counterclaims, but ADMIT that RESCUECOM does offer to send technicians on-site to customers' place of business or home.

40. DENY the allegations set forth in paragraph 40 of the counterclaims.

41. DENY INFORMATION AND BELIEF, as to the allegations set forth in Paragraph 41 of the counterclaims.

42. DENY the allegations set forth in paragraph 42 of the counterclaims.

43. ADMIT the allegations set forth in paragraph 43 of the counterclaims, but DENY that Rescuecom needed permission or license from counterclaimants.

44. DENY the allegations set forth in paragraph 44 of the counterclaims, but ADMIT it was aware of the Counterclaimants' trademark for the term "geek squad" at all relevant times.

45. DENY the allegations set forth in paragraph 45 of the counterclaims, but ADMIT that Rescuecom competes with counterclaimants in the market area of computer services and repair.

46. DENY the allegations set forth in paragraph 46 of the counterclaims, but ADMIT that Rescuecom answered the 1-800-433-5772 telephone line, clearly identified itself as Rescuecom, that there was no affiliation between Rescuecom and counterclaimants, and sold Rescuecom branded services to some of those customers.

47. DENY the allegations set forth in paragraph 47 of the counterclaims.

48. DENY the allegations set forth in paragraph 48 of the counterclaims.

49. DENY the allegations set forth in paragraph 49 of the counterclaims.

50. DENY the allegations set forth in paragraph 50 of the counterclaims.

51. DENY the allegations set forth in paragraph 51 of the counterclaims.

52. DENY the allegations set forth in paragraph 52 of the counterclaims.

53. DENY the allegations set forth in paragraph 53 of the counterclaims.

54. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 54 of the counterclaims, as if more fully set forth at length herein.

55. DENY the allegations set forth in paragraph 55 of the counterclaims.

56. DENY the allegations set forth in paragraph 56 of the counterclaims.

57. DENY the allegations set forth in paragraph 57 of the counterclaims.

58. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 58 of the counterclaims, as if more fully set forth at length herein.

59. DENY the allegations set forth in paragraph 59 of the counterclaims.

60. DENY the allegations set forth in paragraph 60 of the counterclaims.

61. DENY the allegations set forth in paragraph 61 of the counterclaims.

62. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 62 of the counterclaims, as if more fully set forth at length herein.

63. DENY the allegations set forth in paragraph 63 of the counterclaims.

64. DENY the allegations set forth in paragraph 64 of the counterclaims.

65. DENY the allegations set forth in paragraph 65 of the counterclaims.

66. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 66 of the counterclaims, as if more fully set forth at length herein.

67. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations set forth in paragraph 67 of the counterclaims.

68. DENY the allegations set forth in paragraph 68 of the counterclaims.

69. DENY the allegations set forth in paragraph 69 of the counterclaims.

70. DENY the allegations set forth in paragraph 70 of the counterclaims.

71. DENY the allegations set forth in paragraph 71 of the counterclaims.

72. DENY the allegations set forth in paragraph 72 of the counterclaims.

73. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 73 of the counterclaims, as if more fully set forth at length herein.

74. DENY the allegations set forth in paragraph 74 of the counterclaims.

75. DENY the allegations set forth in paragraph 75 of the counterclaims, but ADMIT Rescuecom intended to and did compete for business with Counterclaimants.

76. DENY the allegations set forth in paragraph 76 of the counterclaims.

77. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 77 of the counterclaims, as if more fully set forth at length herein.

78. DENY the allegations set forth in paragraph 78 of the counterclaims.

79. DENY the allegations set forth in paragraph 79 of the counterclaims, but ADMIT that Rescuecom intended to and did compete for business with Counterclaimants.

80. DENY the allegations set forth in paragraph 80 of the counterclaims.

81. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 81 of the counterclaims, as if more fully set forth at length herein.

82. DENY the allegations set forth in paragraph 82 of the counterclaims.

83. DENY the allegations set forth in paragraph 83 of the counterclaims, but ADMIT that Rescuecom intended to and did compete for business with Counterclaimants.

84. DENY the allegations set forth in paragraph 85 of the counterclaims.

85. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 85 of the counterclaims, as if more fully set forth at length herein.

86. DENY the allegations set forth in paragraph 86 of the counterclaims.

87. DENY the allegations set forth in paragraph 87 of the counterclaims, but ADMIT that Rescuecom intended to and did compete for business with counterclaimants.

88. DENY the allegations set forth in paragraph 88 of the counterclaims.

89. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 89 of the counterclaims, as if more fully set forth at length herein.

90. DENY the allegations set forth in paragraph 90 of the counterclaims.

91. DENY the allegations set forth in paragraph 91 of the counterclaims.

92. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 92 of the counterclaims, as if more fully set forth at length herein.

93. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 93, and therefore DENY same.

94. DENY the allegations set forth in paragraph 94 of the counterclaims, but ADMIT that Rescuecom used the term "geek squad" as a keyword to trigger clearly comparative advertising sponsored links on an Internet search engine, and clearly used its own branding and its own domain name to identify who placed the advertisement.

95. DENY the allegations set forth in paragraph 95 of the counterclaims.

96. DENY the allegations set forth in paragraph 96 of the counterclaims, but ADMIT that Rescuecom intended to and did compete for business with counterclaimants.

97. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 97 of the counterclaims, as if more fully set forth at length herein.

98. DENY the allegations set forth in paragraph 98 of the counterclaims.

99. DENY the allegations set forth in paragraph 99 of the counterclaims.

100. DENY the allegations set forth in paragraph 100 of the counterclaims.

101. Repeat and reallege each and every response made above with respect to the allegations set forth at paragraph 101 of the counterclaims, as if more fully set forth at length herein.

102. DENY the allegations set forth in paragraph 102 of the counterclaims.

103. DENY the allegations set forth in paragraph 103 of the counterclaims.

104. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief regarding the allegations set forth in paragraph 104 of the counterclaims, and therefore DENY same.

105. DENY the allegations set forth in paragraph 105 of the counterclaims.

106. DENY each and every allegation not previously addressed above.

## FIRST AFFIRMATIVE DEFENSE

107. Each and every one of Counterclaimants' counterclaims fails to state a claim for relief or cause of action against Counterclaim defendants.

## SECOND AFFIRMATIVE DEFENSE

108. Each and every one of Counterclaimants' counterclaims are barred by the doctrines of Waiver and Estoppel.

## THIRD AFFIRMATIVE DEFENSE

109. Each and every one of Counterclaimant's counterclaims are barred by the doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE

110. Each and every one of Counterclaimant's counterclaims are barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

111.    Each and every one of Counterclaimants' counterclaims are barred by the doctrines of classic fair use and nominative fair use.

**WHEREFORE,** plaintiff/counterclaim defendant Rescuecom Corporation and counterclaim defendant David Milman respectfully request that this Court dismiss each and every one of the counterclaims set forth in Counterclaimant's Answer and Counterclaims, and further grant reasonable attorneys fee as determined by the Court upon application; costs and disbursements incurred by the Counterclaim defendants; together with such other and further relief as this Court deems just and proper.

**DATED:    January 15, 2010**

**RESCUECOM CORPORATION**

/s/ Edmund J. Gegan
_____
**Edmund J. Gegan, Esq.
Bar No. 508421
Counsel To Rescuecom Corporation
And David Milman
2560 Burnet Ave.
Syracuse, NY 13206
Telephone: (315) 432-8800**